ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
RYAN POWELL
Arizona State Bar No. 025695
Email: Ryan.Powell@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Beau Shayne Yazzie,

Defendant.

CR-17-8095-PCT-GMS

**UNITED STATES' OBJECTION TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING RECOMMENDATION**

The United States objects to the Presentence Investigation Report's ("PSR") failure to increase the defendant's base offense level for Obstructing or Impeding the Administration of Justice pursuant to U.S.S.G. § 3C1.1. Additionally, the United States recommends a sentence of 236 months' imprisonment, followed by 5 years of supervised release.

*1. PSR Objection*

The United States objects to the PSR writer's failure to increase the defendant's base offense level for Obstructing or Impeding the Administration of Justice pursuant to U.S.S.G. § 3C1.1. Under this provision, 2 levels are added to the defendant's base offense level if 1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation . . . of the instant offense of conviction, and 2) the obstructive conduct related to the defendant's offense of conviction and any relevant conduct. *Id.*

Here, the defendant murdered the victim, R.J., by stabbing him to death. The defendant then tried to destroy the murder weapon and the blood-soaked clothes he was wearing. After he killed R.J., the defendant went to his sister's house and asked if the "feds" had come by. She told him they had not. He took off his clothes, which held the murder weapon in a jacket pocket and were covered in R.J.'s blood; left them on the floor; and told his sister to burn them. The defendant's sister did not burn the clothes. She put them in a plastic bag and turned them over to the FBI.

The defendant tried to destroy material evidence. Accordingly, his base offense level should be increased by 2 levels pursuant to § 3C1.1. This is precisely the type of conduct to which this enhancement is intended to apply. Application Note 4 gives "examples of the types of conduct to which this adjustment applies" and specifically refers to "destroying or concealing or directing . . . another person to destroy or conceal evidence that is material to an official investigation." U.S.S.G. § 3C1.1, comment (n.4(D)). "Material evidence," in turn, is "evidence . . . that . . . would tend to influence or affect the issue under determination." *Id.* at n.6.

Here, the defendant tried to destroy the murder weapon and the clothes he was wearing, all of which were covered in R.J.'s blood. This evidence would tend to influence or affect the issue of the defendant's guilt. As a result, the defendant attempted to obstruct or impede the administration of justice, and 2 levels should be added to his base offense level. With this addition, the defendant's Total Offense Level should be 37. Coupled with his Criminal History Category of I, the applicable guideline range should be 210-262 months.

*2. Sentencing Recommendation*

The United States recommends a sentence of 236 months' incarceration, followed by 5 years of supervised release. This sentence is sufficient but not greater than necessary to comply with the statutory sentencing factors set forth at 18 U.S.C. §3553(a).

The nature and circumstances of the offense illustrate that 236 months'

imprisonment is an appropriate sentence. The defendant stabbed a woman in the neck, and when R.J. intervened to protect the woman, the defendant killed him by stabbing him multiple times. PSR ¶¶ 6-8.

The defendant "has a history of violence" and "a history of offenses involving weapons." *Id.* at 19. This history includes a prior domestic violence conviction that involved a firearm, and arrests for Battery, Disorderly Conduct, Firing a Weapon, and Carrying a Weapon. *Id.* at ¶¶ 28, 33-63. The defendant's history and characteristics therefore establish the propriety of a 236-month sentence. Additionally, this sentence reflects the seriousness of the defendant's offense, promotes respect for the law, and provides just punishment.

For these reasons, the United States asks the Court to sentence the defendant to 236 months in the Bureau of Prisons, followed by 5 years of supervised release.

Respectfully submitted this 23rd day of August, 2018.

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

*s/Ryan Powell*
RYAN POWELL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Anthony Bingham.

*s/ Stephanie Ludwig*