Anthony B. Bingham
Bingham Law
1423 South Higley Road
Building 4, Suite 110
Mesa, Arizona 85206
(480) 832-1922 Telephone
(844) 270-5937 Facsimile
tony@binghamlawaz.com
State Bar Number 014732

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Beau Shayne Yazzie,<br><br>Defendant. | No. CR17-08095-PCT-GMS<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Beau Shayne Yazzie, by and through his undersigned attorney, hereby submits this Defendant's Sentencing Memorandum for the Court's consideration regarding his upcoming sentencing hearing.

The Defendant requests this Court sentence him to a sentence that is not greater than 168 months which is the low end of the applicable sentencing range calculated in the Presentence Investigation Report.

Respectfully Submitted this 29th day of March, 2019.

Bingham Law

By: s/Anthony B. Bingham
Anthony B. Bingham
Attorney for Defendant

## MEMORANDUM

Beau Shayne Yazzie, pleaded guilty to Second Degree murder in violation of 18 U.S.C. §§ 1111 and 1153. The Defendant and the Government have filed objections to the Presentence Investigation Report ("PSR"). The Defendant's objections pertain to the sequence of events as he recalls them and the Government's objection is based on an alleged obstruction of justice by Mr. Yazzie.

The recommended sentence in the PSR is for 180 months, 15 years. The Government is recommending a sentence of 236 months, 19 years and 8 months.

### A. Mitigating Factors for Consideration in Sentencing Mr. Yazzie

#### 1. Lengthy History of Serious Substance Abuse

Mr. Yazzie has a very long history of substance abuse with alcohol, methamphetamine and marijuana. His abuse of these substance started in his mid-teenage years. On the night of the offense in this case, Mr. Yazzie had been drinking heavily and using methamphetamine with the other people present at the location where the offense occurred.

Mr. Yazzie recognizes his need to participate in a substance abuse program to overcome his addiction to methamphetamine, alcohol and marijuana. While incarcerated, Mr. Yazzie has completed the Introduction to Drug Abuse 5 week course. He plans on attending and completing a drug abuse program in BOP if given the opportunity.

#### 2. Long History of Depression

Since his early childhood, Mr. Yazzie has suffered with depression, sometimes severe depression. Although the exact cause of his depression does not appear to be known, some factors that may have contributed to his depression are abuse of illicit drugs, alcohol abuse, physical abuse when he was younger, medical diagnosis (Pectus Excavatum), academic failures, and some type of a communication disorder.

It is believed that Mr. Yazzie has tried to self-medicate with illicit substances and alcohol much of his life in an attempt to deal with depression and grief. In 2016, his sister, Chrystia, died in an auto accident. The death of his sister caused significant grief for Mr. Yazzie and he struggled dealing with her death.

**3. Post-Offense Rehabilitative Actions**

Mr. Yazzie has tried to make the best use of his time while incarcerated. He has taken advantage of every educational and work opportunity available. Since initially being incarcerated in this case, he has participated in various classes and earned 18 certificates for everything from drug abuse to life skills. Mr. Yazzie's letter to the Court lists the name of each course he successfully completed in order to earn a certificate. A copy of most of the certificates he earned have been submitted to the Court. Due to the fact that he has not received every certificate he has earned he is not able to provide a copy of all 18 certificates to the Court.

When first incarcerated, Mr. Yazzie accepted a job as a sweeper earning $7.00 per week. He worked at that job until November 2018, when he was promoted to the position of a Shower Porter and now earns double his prior weekly wage.

The Defendant desires to earn his GED. When he arrives at BOP and has the opportunity he plans on enrolling in and completing the courses and tests to attain his GED. He desires to further his education as much as possible.

Post-offense rehabilitation can be considered by the Court in sentencing Mr. Yazzie. This is one of the many factors the Court can take into consideration when determining the appropriate sentence for the defendant. *Gall v. United States*, 552 U.S. 38, 44-46, 128 S. Ct. 586, 593-594 (2007); 18 U.S.C. § 3661.

**B. <u>Application of 18 U.S.C. § 3553 Factors</u>**

There is no doubt the nature of Mr. Yazzie's offense is very serious since it resulted in a death.

A sentence imposed by this Court that is not greater than the low end of the applicable guideline range (168-210 months) will satisfy the purposes in paragraph (a)(2) of 18 U.S.C. § 3553.

A sentence of not more than 168 months will reflect the seriousness of the offense committed in this case along with promoting respect for the law and provide just punishment to the Defendant for his actions. Furthermore, such sentence will afford adequate deterrence to Mr. Yazzie from engaging in any similar criminal behavior in the future and adequately deter anyone else from this type of conduct.

Such sentence will also protect the public in the future from further criminal behavior by the Defendant. In addition, the requested sentence will provide Mr. Yazzie with more than sufficient time to obtain his GED, participate in and complete available drug abuse programs in the BOP and participate in available vocational training while imprisoned.

If possible, Mr. Yazzie desires to enter an in-patient drug treatment program after his release from custody. This will help him stay clean, succeed on supervised release and help protect the public from criminal behavior by the Defendant.

**C. <u>Conclusion</u>**

Based on an assessment of the relevant factors in Beau Yazzie's case, a sentence no more than 168 months is warranted. This sentence will be sufficient but not greater than necessary to comply with the purposes discussed above, including but not limited to, reflecting the seriousness of the offense and imposing a just punishment on Mr. Yazzie.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Certificate of Service:

I hereby certify that on March 29, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ryan D. Powell

By: s/Anthony B. Bingham
Anthony B. Bingham