ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

RYAN POWELL
Assistant U.S. Attorney
Arizona State Bar No. 025695
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Ryan.Powell@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Beau Shayne Yazzie,<br><br>Defendant. | CR-17-8095-PCT-GMS<br><br>**NOTICE OF REJECTION OF PLEA AND REQUEST FOR FRYE/COOPER HEARING** |

Pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), the United States files this pleading to place on the record the nature of the plea proposal rejected by the defendant in this matter. Furthermore, the United States asks the Court to set a hearing to address these matters on the record with the defendant.

The defendant is charged in Count 1 with Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3), and in Count 2 with Second Degree Murder in violation of 18 U.S.C. §§ 1153 and 1111. (Doc. 4.) Count 1 carries a maximum possible term of 10 year's imprisonment, and Count 2 carries a maximum possible term of life imprisonment.

The government extended a plea under which the defendant would plead guilty to Count 2, the government would dismiss Count 1, and the defendant's sentence would not exceed the middle of the guidelines range. The defendant accepted the government's offer and pleaded guilty on June 4, 2018. (Doc. 30.)

Sentencing was scheduled for April 8, 2019. Before sentencing, the defendant filed an objection to the facts set forth in the PSR. (Doc. 43.) At the beginning of the sentencing hearing, the Court accepted the written plea agreement. Later in the hearing, the Court expressed its concern that the defendant's objections to the PSR were inconsistent with the factual basis for second degree murder. The government agreed.

The Court initially offered the defendant the opportunity to withdraw from the plea agreement. The defendant declined and said he wished to proceed with sentencing. The Court reiterated its concern about the defendant's objections to the PSR. The Court then recognized that it already had accepted the written plea agreement. As a result, rather than allowing the defendant to withdraw from the plea, the Court said it might reject the plea agreement if the defendant stood by his PSR objections. The government agreed that this would be an appropriate course of action.

The Court then paused the proceedings to allow the defendant to confer with his attorney. After a lengthy private discussion, the defendant again stated on the record that he wished to proceed with sentencing. The Court gave the defendant the opportunity to withdraw his objections to the PSR, and his attorney declined to do so. At that point, the Court rejected the plea and set the case for trial.

After the hearing, the government reoffered the same plea agreement to the defendant, due to his twice-stated desire to proceed with sentencing. The government also expressed its opinion that if the defendant were to withdraw his objections to the PSR, the defendant could reenter the original plea agreement and proceed to sentencing. On April 17, 2019, defense counsel informed the government that the defendant was unwilling to withdraw his objections to the PSR and to move forward with sentencing under the original plea agreement.

Due to the unique posture of this case, the United States asks the Court to schedule a hearing and requests the opportunity to make a record of the following: 1) that the defendant received and understood the plea offer; 2) that he understands the potential

sentence if the matter were to proceed to trial; and 3) that he does not wish to withdraw his objections to the PSR, and 4) that he now wishes to proceed to trial.

Respectfully submitted this 29th day of April, 2019.

ELIZABETH A. STRANGE
FIRST ASSISTANT U.S. ATTORNEY

*s/Ryan Powell*
RYAN POWELL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Anthony Bingham.

*/s Stephanie Ludwig*
U.S. Attorney's Office