Anthony B. Bingham
Bingham Law
1423 South Higley Road
Building 4, Suite 110
Mesa, Arizona 85206
(480) 832-1922 Telephone
(844) 270-5937 Facsimile
tony@binghamlawaz.com
State Bar Number 014732

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Beau Shayne Yazzie,

Defendant.

No. CR17-08095-PCT-GMS

**DEFENDANT'S SECOND SENTENCING MEMORANDUM**

Beau Shayne Yazzie, by and through his undersigned attorney, hereby submits this Defendant's Second Sentencing Memorandum for the Court's consideration regarding his upcoming sentencing hearing.

The Defendant requests this Court sentence him to a sentence that is not greater than 41 months with 3 years of supervised release.

This Defendant's Second Sentencing Memorandum is the result of the Court's rejection of the Defendant's factual basis for Second Degree Murder and the Defendant's guilty plea to a different offense.

/ / /

/ / /

/ / /

/ / /

## MEMORANDUM

Beau Shayne Yazzie, pleaded guilty to Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6), a Class C felony offense. As part of the plea agreement, the Indictment charging Mr. Yazzie with Assault with a Dangerous Weapon and Second Degree Murder will be dismissed. The plea agreement stipulates that the Defendant's sentence will not exceed the high end of the applicable guideline range as determined by the Court.

### A. Draft Presentence Investigation Report

The applicable guideline sentencing range calculated in the Draft Presentence Investigation Report ("PSR") is 37 to 46 months based on a Total Offense Level of 21 and a Criminal History of 1. The recommended sentence in the PSR is 120 months which is based on a nine-level upward departure. The Defendant will file objections to the upward departure and to the Total Offense Level which Defendant believes should be 20 instead of 21. The Government is recommending a sentence of 46 months imprisonment with 3 years of supervised release.

Mr. Yazzie maintains the same objections (Doc. 43) to paragraphs 6 and 7 in the original PSR, regarding the sequence of events, with the exception of his withdrawal of a specific objection to the PSR concerning victim Maloney. See Doc. 69. The paragraphs the Defendant objected to in the original PSR (paragraphs 6 and 7) are paragraphs 11 and 12 in the most recent version of the PSR. The Defendant admits that he cut Victim Maloney when she approached him.

### B. Mitigating Factors for Consideration in Sentencing Mr. Yazzie

#### 1. Lengthy History of Serious Substance Abuse

Mr. Yazzie has a very long history of substance abuse with alcohol, methamphetamine and marijuana. His abuse of these substance started in his mid-teenage years. On the night of the offense in this case, Mr. Yazzie had been drinking heavily and

using methamphetamine with the other people present at the location where the offense occurred.

Mr. Yazzie recognizes his need to participate in a substance abuse program to overcome his addiction to methamphetamine, alcohol and marijuana. While incarcerated, Mr. Yazzie has completed the Introduction to Drug Abuse 5 week course. He plans on attending and completing a drug abuse program in BOP if given the opportunity.

**2. Long History of Depression**

Since his early childhood, Mr. Yazzie has suffered with depression, sometimes severe depression. Although the exact cause of his depression does not appear to be known, some factors that may have contributed to his depression are abuse of illicit drugs, alcohol abuse, physical abuse when he was younger, medical diagnosis (Pectus Excavatum), academic failures, and some type of a communication disorder.

It is believed that Mr. Yazzie has tried to self-medicate with illicit substances and alcohol much of his life in an attempt to deal with depression and grief. In 2016, his sister, Chrystia, died in an auto accident. The death of his sister caused significant grief for Mr. Yazzie and he struggled dealing with her death.

**3. Post-Offense Rehabilitative Actions**

Mr. Yazzie has tried to make the best use of his time while incarcerated. He has taken advantage of educational and work opportunities available to him. Since initially being incarcerated in this case, he has participated in various classes and earned 18 certificates for everything from drug abuse to life skills. Mr. Yazzie’s letter to the Court lists the name of each course he successfully completed in order to earn a certificate. A copy of the certificates in his possession have been submitted to the Court.

When first incarcerated, Mr. Yazzie accepted a job as a sweeper earning $7.00 per week. He worked at that job until November 2018, when he was promoted to the position of a Shower Porter and now earns double his prior weekly wage. Not long after he pleaded

guilty in early August to the Information he was transferred to the Coconino Detention Center and has not been able to work.

The Defendant desires to earn his GED.  When he arrives at BOP and has the opportunity he plans on enrolling in and completing the courses and tests to attain his GED. He desires to further his education as much as possible.

Post-offense rehabilitation can be considered by the Court in sentencing Mr. Yazzie. This is one of the many factors the Court can take into consideration when determining the appropriate sentence for the defendant.  *Gall v. United States*, 552 U.S. 38, 44-46, 128 S. Ct. 586, 593-594 (2007); 18 U.S.C. § 3661.

**C.	<u>Application of 18 U.S.C. § 3553 Factors</u>**

A sentence imposed by this Court that is not greater than the high end of the applicable guideline range will satisfy the purposes in paragraph (a)(2) of 18 U.S.C. § 3553.

A sentence of not more than 41 months will reflect the seriousness of the offense to which Mr. Yazzie has pleaded guilty to in this case along with promoting respect for the law and provide just punishment to the Defendant for his actions.  Furthermore, such sentence will afford adequate deterrence to Mr. Yazzie from engaging in any similar criminal behavior in the future and adequately deter anyone else from this type of conduct.

Such sentence will also protect the public in the future from further criminal behavior by the Defendant.  In addition, the requested sentence will provide Mr. Yazzie with time to work towards obtaining his GED, participate in and complete available drug abuse programs in the BOP and participate in available vocational training while imprisoned.

If possible, Mr. Yazzie desires to enter an in-patient drug treatment program after his release from custody.  This will help him stay clean, succeed on supervised release and help protect the public from criminal behavior by the Defendant.

/ / /

/ / /

**D. Conclusion**

Based on an assessment of the relevant factors in Beau Yazzie's case, a sentence no more than 41 months is warranted. This sentence will be sufficient but not greater than necessary to comply with the purposes discussed above and any other relevant factors in 18 U.S.C. § 3553.

Respectfully Submitted this 4th day of September, 2019.

Bingham Law

By: s/Anthony B. Bingham
Anthony B. Bingham
Attorney for Defendant

Certificate of Service:

I hereby certify that on September 4, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ryan D. Powell

By: s/Anthony B. Bingham
Anthony B. Bingham