Anthony B. Bingham
Bingham Law
1423 South Higley Road
Building 4, Suite 110
Mesa, Arizona 85206
(480) 832-1922 Telephone
(844) 270-5937 Facsimile
tony@binghamlawaz.com
State Bar Number 014732

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Beau Shayne Yazzie,

Defendant.

No. CR17-08095-PCT-GMS

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

Beau Shayne Yazzie, through undersigned counsel, hereby submits the following objections to the Presentence Investigation Report.

**Specific Offense Characteristics, Permanent Bodily Injury, Pages 5 and 6.**

The PSR applies 7 levels for the victim's permanent or life-threatening bodily injury. As a result of the Defendant's actions the victim received two lacerations on her neck which were closed with sutures at the hospital. In the PSR it is also noted that the victim experienced extreme physical pain and protracted and obvious disfigurement. Only 6 levels were actually added for the reason that the cumulative adjustments from the application of subdivisions (2) and (3) of USSG § 2A2.2(b)(3) cannot exceed 10 levels.

The Defendant believes the degree of bodily injury sustained by the victim was serious bodily injury resulting in a 5 level increase instead of a 7 level increase for permanent or life-threatening bodily injury.

Mr. Yazzie pleaded guilty to Assault Resulting in Serious Bodily Injury. The second element in the Elements section of the plea agreement is "The assault resulted in serious bodily injury". The Factual Basis section of the plea agreement includes facts that the two lacerations on the neck of the victim caused ". . . extreme physical pain and protracted and obvious disfigurement." There is nothing in the elements of the offense, in the factual basis of the plea agreement or from any another source that supports the claim of permanent or life-threatening bodily injury to the victim.

Application Note 1 to USSG § 2A2.2 references to USSG § 1B1.1 (Application Note 1) for the definitions of "serious bodily injury" and "permanent or life-threatening bodily injury". The term "serious bodily injury" is defined as "involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." USSG § 1B1.1, Application Notes, 1(M). The term "permanent or life-threatening bodily injury" is defined as "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." USSG § 1B1.1, Application Notes, 1(K).

The lacerations to the neck of the victim, although serious, did not involve a substantial risk of death, or the loss or substantial impairment to the victim of anything physical or mental. Although there is disfigurement to the victim's neck from the lacerations and sutures, there is nothing to indicate that the disfigurement is permanent and will not heal and fade away in the future. The degree of bodily injury that is consistent with the elements of the offense and the factual basis in the plea agreement that Mr. Yazzie pleaded guilty to is "serious bodily injury". This embraces the extreme physical pain and medical intervention the victim experienced.

For the foregoing reasons, the Defendant argues that 5 levels for "serious bodily injury" instead of 7 levels for "permanent or life-threatening bodily injury" should be applied pursuant to USSG § 2A2.2(b)(3). This will result in a Total Offense Level of 20 with a guideline range of 33-41 months.

**Justification Section, Upward Departure Pursuant to USSG § 5K2.21, Page 20.**

The plea agreement stipulates the Defendant's sentence will not exceed the high end of the applicable sentencing range as determined by the Court at the sentencing hearing. The key phrase in the stipulation is "applicable sentencing range". The Defendant argues that the applicable sentencing range does not include an upward departure under USSG § 5K2.21 and should therefore not be imposed on Mr. Yazzie according to the terms of the plea agreement.

USSG § 1B1.1(a) provides instructions on how to calculate the sentencing guideline range. Nothing in paragraph (a) under USSG § 1B1.1 refers to inclusion of upward departures in Part K of Chapter 5 in determining the guideline range. Only after the guideline range is determined should departures be taken into consideration for sentencing purposes. See USSG § 1B1.1(b). Departures under Part K of Chapter 5 are not, according to the United States Sentencing Guidelines, part of the guideline range. USSG § 1B1.1(a) and (b).

In further support of the Defendant's position that upward departures are not included in the guideline range is the Application Notes to USSG § 1B1.1. "Upward departure" is defined as ". . . a sentence greater than a sentence that could be imposed under the applicable guideline range or a sentence that is otherwise greater than the guideline sentence." USSG § 1B1.1, Application Notes, 1(F).

The Ninth Circuit has determined that departures are not included in the "applicable guideline range." *United States v. Gorbatenko*, 181 F. Supp. 3d 842, 853 (D. Or. 2015); See *United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir.) cert. denied, 134 S. Ct. 824, 187

L. Ed. 2d 688 (2013) (Applicable guideline range is derived pre-departure and pre-variance); See also *United States v. Guzman*, 176 F. Supp. 3d 1012, (D. Or. 2015). In *Pleasant*, the 9th Circuit Court wrote that a circuit split arose over whether a defendant's "applicable guideline range" should be calculated before or after the application of a departure or variance. The Court held the applicable guideline range is determined pre-departure. *United States v. Pleasant*, 704 F.3d at 812.

For the foregoing reasons, the Defendant requests that the recommendation in the PSR for an upward departure for dismissed and uncharged conduct be denied and that the Court follow the stipulation in the plea agreement to sentence the Defendant to no more than the high end of the applicable guideline range.

Dated this 5th day of September 2019.

Bingham Law

By: <u>s/Anthony B. Bingham</u>
Anthony B. Bingham
Attorney for Defendant

Certificate of Service

I hereby certify that on September 5, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ryan D. Powell

By: <u>s/Anthony B. Bingham</u>
Anthony B. Bingham